UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CESAR PORTILLO, NORMA LORENA SAGASTUME,
ROMEO UMANA, and YAKELIN KARINA CARRANZA,
*individually and on behalf of all others similarly situated*,

                        *Plaintiffs*,

       -against-

NOONANJU INCORPORATED d/b/a FOOD FOR
THOUGHT, ANJU KATHURIA, and BOBBY KATHURIA,
*as individuals*,

                        *Defendants*.

-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

2:24-cv-00782 (SJB) (JMW)

**WICKS,** Magistrate Judge:

      Plaintiffs Cesar Portillo, Norma Lorena Sagastume, Romeo Umana, and Yakelin Karina Carranza (collectively, "Plaintiffs") commenced the underlying action on February 2, 2024 against Defendants Noonanju Incorporated, Anju Kathuria, and Bobby Kathuria (collectively, "Defendants") for alleged unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well as purported wage notice and wage statement violations under the NYLL. (*See generally* ECF No. 1.) The parties are now before the Court on Defendants' motion pursuant to Federal Rule of Civil Procedure 45(d) seeking to compel non-party witnesses Pantano's Gourmet Uniondale ("Pantano's") and North Shore Farms to comply with previously issued subpoenas seeking documents relating to Plaintiff Umana's employment with those companies. (ECF No. 30.)

1

For the reasons stated herein, Defendants' motion (ECF No. 30) is **GRANTED** and, as such, Pantano's and North Shore Farms are hereby directed to obey the subpoenas previously served upon them on November 8, 2024 and produce all requested documentation within their possession, custody, or control for inspection, copying, testing, or sampling of the material at Bell Law Group, 116 Jackson Avenue, Syosset, New York 11791 on April 3, 2025 at 2:00PM.

## BACKGROUND

Defendants employed Plaintiff Umana as a cook and manual laborer from January 2012 to March 2021. (ECF No. 1 at ¶ 44.) Plaintiff Umana asserts that he "regularly worked shifts beginning at or around 7:00 a.m. each workday and ending at approximately 8:00 p.m. or later, four (4) days per week, and from 7:00 a.m. to approximately 5:00 p.m. or later, two (2) days per week. (*Id.* at ¶ 46.) As a result, Plaintiff Umana alleges that he was routinely required to work approximately seventy-two (72) or more hours each week during the relevant statutory period." (*Id.* at ¶ 47.) Defendants were aware that Plaintiff Umana had previously worked at Pantano's and North Shore Farms while still employed by Defendants. (*See* ECF No. 30-1.)

Defendants first issued subpoenas for these documents to North Shore Farms and Pantano's on November 5, 2024 (*see* ECF No. 30-2), service having been completed on November 8, 2024. (*See* ECF No. 30-3.) Service was effectuated by a process server personally delivering a copy of the subpoena to the managers of each company.[1] Neither of the companies responded to the subpoenas despite being commanded to produce the listed documents at Bell Law Group, 116 Jackson Avenue, Syosset, New York 11791 on December 4, 2024 at 2:00p.m. (ECF No. 30-2 at pp. 1-3.)

---

[1] Defendants' process server, Mitchell Raider, delivered a copy of the subpoena to Hector Doe, manager of Pantano's, and Jose Antoni, manager of North Shore Farms. (ECF No. 30-3.)

2

The subpoena called for documents related to Mr. Umana's employment records—such as time sheets, attendance records, work schedules, and overtime documentation—from both companies. (ECF No. 30-2 at pp. 1, 3.) Defendants aver that these requested records are "essential, highly relevant, and critical to the claims in this case" and are "relevant and proportional to the needs of the case, as it is necessary to counter Mr. Umana's allegations." (ECF No. 30 at p. 2.) Specifically, Defendants contend these records will directly contradict Plaintiff Umana's claims regarding overtime and other wage-hour violations, as he could not have worked the extensive hours he alleges for Defendants while simultaneously being employed by North Shore Farms and Pantano's. (*Id.*)

On December 11, 2024, following non-compliance, Defendants purportedly attempted to communicate telephonically with both companies to ascertain whether the requested documents and records would be provided. (*See id.*) When speaking with a representative from Pantano's, Defendants posit that neither an email address nor fax number was given by the company, and a subsequent call to Pantano's was ignored and not returned. (*Id.*) With respect to North Shore Farms, Defendants were allegedly directed to send any subpoenas to the main store location. (*Id.*) In response, Defendants faxed a copy of the subpoenas originally served on November 8, a copy of the affidavit of service, a copy of Fed R. Civ. P. 45 (c), (d), (e), and (g), in addition to a cover letter noting that North Shore Farms was served with a subpoena for documents concerning Plaintiff Umana's employment, North Shore Farms missed the December 4 deadline, and compliance was demanded by December 20, 2024 at 2:00PM. (ECF No. 30-4.) Defendants state that, to date, "neither company has provided any communication or response to the subpoenas." (ECF No. 30 at p. 2.)

3

## **LEGAL STANDARD**

Rule 45 empowers an attorney to sign and issue a subpoena. Fed R. Civ. P. 45(a)(3). "[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991). Subpoenas that are validly issued and properly served "under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Freund v. Weinstein*, 2009 U.S. Dist. LEXIS 109387, at *2 (E.D.N.Y. 2009). Rule 45 also permits the serving party "[a]t any time, on notice to the commanded person" to "move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). "Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Beruashvili v. Hobart Corp.,* No. 2005-CV-1646 (ENV) (MDG), 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006) (citing Rule 45(e), which is now Rule 45(g) as of the 2013 amendment).

Rule 45 applies to non-parties. *Gov't Emps. Ins. Co. v. N. Med. Care, P.C.*, No. 20 CV 1214 (FB) (LB), 2021 WL 7906537, at *1 (E.D.N.Y. Nov. 3, 2021), *report and recommendation adopted sub nom*. *Gov't Emp. Ins. Co. v. N. Med. Care, P.C.*, No. 1:20-CV-01214 (FB) (LB), 2021 WL 7906536 (E.D.N.Y. Dec. 29, 2021). "A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (internal quotes omitted). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Knight v. Local 25 IBEW*, No. 14-cv-6497 (DRH) (AKT), 2016 U.S. Dist. LEXIS 45920, *4 (E.D.N.Y. Mar. 31, 2016) (citation omitted). However, once

4

relevance is demonstrated, the party opposing the subpoena must come forth and demonstrate "that the subpoena is over-broad, duplicative, or unduly burdensome." *Id.* (citation omitted).

## DISCUSSION

The record amply demonstrates that Defendants validly served the subpoenas on both Pantano's and North Shore Farms at the corporate addresses by personally delivering copies to the managers of the respective companies. *See* ECF No. 30-3); *Taylor Precision Prods. v. Larimer Grp. Inc.*, No. 15-cv-04428 (ALC) (KNF), 2017 U.S. Dist. LEXIS 54603, at *11 (S.D.N.Y. Feb. 27, 2017) (noting, because Rule 45 does not provide guidance on what constitutes personal service upon a corporation, service of a subpoena upon an officer or managing agent is sufficient). Furthermore, according to Defendants, Pantano's and North Shore Farms failed to comply with the subpoenas despite being served with copies of the subpoenas on November 8, 2024 as evidenced by the affidavits of service. (ECF No. 30-3.) These corporations also failed to comply with Defendants additional attempts to obtain further compliance. Namely, Pantano's failed to return Defendants' phone calls or produce the information sought, and North Shore Farms neglected to comply with the subpoenas despite Defendants faxing the subpoena at North Short Farms' direction. (ECF No. 30 at pp. 2-3; ECF No. 30-4.) Additionally, the subpoenas seek relevant information. The requested documents and records relate to Plaintiff's Umana's employment with both companies and have the potential to negate Plaintiff Umana's claims of purported FLSA and NYLL violations by Defendants. (ECF No. 30 at pp. 2-3); *see Bhatt v. Patel*, No. 18-CV-2063-ILG-SJB, 2020 U.S. Dist. LEXIS 262800, at *8 (E.D.N.Y. Oct. 19, 2020) (highlighting that a subpoena aimed at obtaining an employee's time records would be relevant to a wage claim defense).

5

To date, neither Pantano's nor North Shore Farms has filed an opposition to this motion or moved to quash under Rule 45. The Court finds that, considering Pantano's and North Shore Farms' failure to offer an adequate excuse for their non-compliance, enforcement of the subpoenas is warranted. *See Freund v. Weinstein*, No. 08-CV-1469 (FB) (MDG), 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009) (enforcing valid non-party subpoena where party seeking enforcement made prior attempts to secure compliance and non-party did not proffer reasons to excuse non-compliance).

## CONCLUSION

For the foregoing reasons, Defendants' motion (ECF No. 30) is **GRANTED**. Further, Pantano's Gourmet Uniondale and North Shore Farms are hereby directed to obey and comply with the subpoenas served on November 8, 2024 and produce all requested documentation within their possession, custody, or control for inspection, copying, testing, or sampling of the material at Bell Law Group, 116 Jackson Avenue, Syosset, New York 11791 on April 3, 2025 at 2:00PM. **PANTANO'S AND NORTH SHORE FARMS ARE HEREBY FOREWARNED AND CAUTIONED THAT IF THEY FAIL TO COMPLY WITH THE SUBPOENA AND THIS ORDER, THEY MAY BE SUBJECT TO CONTEMPT PROCEEDINGS FOR FAILURE TO COMPLY WITH THE SUBPOENAS AND A COURT ORDER.** Defendants are directed to serve through a licensed process server, by personal delivery a copy of this Memorandum and Order on Pantano's and North Shore Farms at their corporate address and file proof of service on ECF by **March 14, 2025**.

Dated: Central Islip, New York
March 5, 2025

**S O  O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge